UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES MORRISON SEE,<br><br>Plaintiff,<br><br>v.<br><br>JASON SMILEY, ELISE GALLAGHER, TRACY CORNETT,<br><br>Defendants. | CAUSE NO. 3:25-CV-991-JD-SJF |

OPINION AND ORDER

James Morrison See, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

See has been housed at the Westville Correctional Annex ("WCA") since at least March 1, 2025. He alleges the conditions of confinement there are unsafe and unhealthy. He recites a litany of alleged problems with the aging facility, including exposure to asbestos, mold, and lead paint. He speculates that exposure to these substances "will shave years off [his] life." ECF 1 at 3. He also reports an injury to his leg due to wire

mesh sticking out of a wall. He has sued Warden Jason Smiley, Elise Gallagher (I.D.O.C Deputy General Counsel of Operations), and Unit Team Manager Tracy Cornett.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). "An official can violate the Constitution if he or she exhibits deliberate indifference to hazardous conditions that may seriously harm an inmate. *Thomas v. Blackard*, 2 F.4th 716, 719 (7th Cir. 2021). Deliberate indifference encompasses both objective and subjective components:

> A prisoner challenging conditions of confinement must first show that the conditions were sufficiently serious as an objective matter, meaning that they denied the inmate the minimal civilized measure of life's necessities, creating an excessive risk to the inmate's health and safety. Second, in covering the subjective component of the inquiry, the inmate must prove that prison officials acted with deliberate indifference—that they knew of and disregarded this excessive risk of harm to the inmate.

*Thomas*, 2 F.4th at 719–20 (internal quotation marks, citations, and brackets omitted). Put another way, an inmate can state a viable claim for deliberate indifference if he alleges the defendant "deliberately ignored a prison condition that presented an objectively, sufficiently serious risk of harm." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) (citation omitted).

With regard to the seriousness of the conditions, "[p]risons must 'provide humane conditions of confinement,' *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), but that does not mean that prisons must provide a maximally safe environment free from any minor contaminants, *Carroll v. DeTella*, 255 F.3d 470, 472–73 (7th Cir. 2001)." *Fernandez Haire v. Hepp*, No. 25-1023, 2026 WL 2445437, at *1 (7th Cir. Aug. 20, 2026). "Generally

speaking, challenges to conditions of confinement cannot be aggregated and considered in combination unless 'they have a mutually enforcing effect that produces the deprivation of a single, identifiable need such as food, warmth, or exercise—for example, a low cell temperature at night combined with a failure to issue blankets.'" *Johnson v. Prentice,* 29 F.4th 895, 904 (7th Cir. 2022) (quoting *Wilson v. Seiter*, 501 U.S. 294, 304 (1991)). Allegations of vague "overall conditions" aren't sufficient. *Id*. Regarding state of mind, "[d]eliberate indifference occupies a space slightly below intent and poses a 'high hurdle and an exacting standard' requiring 'something approaching a total unconcern for the prisoner's welfare in the face of serious risks.'" *Stockton v. Milwaukee Cty.*, 44 F.4th 605, 615 (7th Cir. 2022) (quoting *Donald v. Wexford Health Sources, Inc.*, 982 F.3d 451, 458 (7th Cir. 2020)); *see also Rasho v. Jeffreys*, 22 F.4th 703, 710 (7th Cir. 2022) (stating that deliberate-indifference claims will fail absent evidence of "callous disregard" for inmate wellbeing). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to state a constitutional claim. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020); *see also Stockton*, 44 F.4th at 615.

Although See's concerns with WCA's aging infrastructure are varied and numerous, he does not provide sufficient details about where, when, or how he personally experienced the allegedly hazardous conditions other than to say they have been occurring since March 1, 2025. He alleges that he has been exposed to asbestos, mold, and lead paint, but he does not indicate where the asbestos, mold, and lead paint are located, when or for how long he was exposed to each substance, or whether he has experienced any specific health problems or symptoms related to each of those alleged

exposures. See alleges that his "health is declining," and exposure to asbestos and mold are "shortening his life expectancy," but other than one issue that will be address separately below, he does not point to anything specific that has directly harmed him. ECF 1 at 2. As to the alleged exposure to asbestos, mold, and lead paint, his vague statements about possible future harm do not adequately explain how the alleged conditions have created an excessive risk to his own health and safety. *Id*. at 6. Allegations like these, as found throughout See's complaint, are insufficient. *See, e.g., Taha v. Intl. Bhd. of Teamsters, Loc. 781*, 947 F.3d 464, 469 (7th Cir. 2020) ("[A] complaint must plead more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotations marks and citations omitted)); *Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) ("A plaintiff must include adequate factual detail to lift his claims from mere speculative possibility to plausibility.") (citing *Ashcroft*, 556 U.S. at 678) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.")).

While See's allegations regarding asbestos, mold, and lead paint are presented only in a generalized manner, without reference to any specific harm that has befallen him, there is one issue that must be analyzed separately because he alleges it affected him personally. See alleges that on March 25, 2025, he cut his leg on wire mesh that was sticking out of a wall and the condition that led to his injury has not yet been fixed. However, considering the lack of details about where this wire was located, how the

injury occurred, how prevalent the problem is, and whether it is in an area (or areas) that he cannot avoid, which defendants he communicated with about this specific problem, and how the defendants responded, See still has not stated a plausible claim against the defendants he has named here. *See Taha*, 947 F.3d at 469; *Schillinger*, 954 F.3d at 994. Based on these facts contained in See's complaint, it cannot be plausibly inferred that the mesh he is referring to has created an excessive risk to his health and safety. *See Thomas*, 2 F.4th at 719–20.

As noted earlier, See named Warden Smiley, Gallagher, and Cornett as defendants. There is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. Supervisors can be held liable if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). But, "[p]ublic officials do not have a free-floating obligation to put things to rights . . . no prisoner is entitled to insist that one employee do another's job." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). *See also Aguilar v. Gaston-Camara*, 861 F.3d 626, 633 (7th Cir. 2017) (quoting *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009)). As the Seventh Circuit explained in *Burks*:

> The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under §1983 for not being ombudsmen. [The] view that everyone who knows about a prisoner's problem must pay damages implies that [a prisoner] could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-

> writing campaign does not lead to better medical care. That can't be right. The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care.

*Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Even if See had identified specific injuries related to the alleged exposure to asbestos, mold, and lead paint, he could not hold Warden Smiley, Gallagher, or Cornett liable merely because he communicated his complaints to them. To proceed, he must allege facts from which it can be plausible inferred that these defendants condoned, facilitated, approved, or turned a blind eye to *unconstitutional* conditions of confinement. See has not alleged facts that support such a finding.

See has failed to state any plausible claims for which relief can be granted. This complaint does not state a claim for which relief can be granted. If See believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS James Morrison See until **November 12, 2026**, to file an amended complaint; and

(2) CAUTIONS James Morrison See if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on October 8, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT